**UNITED STATES of America, Plaintiff,**

v.

**William HALEY and Jeffrey Berry, Defendants.**

**Nos. 84 CR 529–1, 84 CR 529–5.**

United States District Court,
N.D. Illinois, E.D.

June 21, 1985.

Ira Raphaelson, Asst. U.S. Atty., N. D. Ill., Chicago, Ill., for United States.

Richard Jalovec, Chicago, Ill., for defendant Haley.

Nicholas Syregelas, Chicago, Ill., for defendant Berry.

## DECISION

McMILLEN, District Judge.

Defendant Haley filed numerous pretrial motions in this case which were assigned to Magistrate Gotschall for a recommendation. Defendant Berry filed a motion to dismiss and other pretrial motions which were assigned to Magistrate Lefkow. Since the motions cover substantially the same subject matters, we will decide them together.

Most significant are the motions to dismiss Count Three which alleges a violation of 18 U.S.C. § 371, the general conspiracy statute. Defendants contend that this count should be dismissed because a conspiracy to *distribute* a controlled substance was alleged in Count One and a conspiracy to *import* a controlled substance was alleged in Count Two. Therefore, they contend that Count Three should be dismissed as duplicitous, and both magistrates have so recommended. The government has filed a timely objection which requires that the issue be considered *de novo.* 28 U.S.C. § 636(b)(1)(C).

Count One is brought pursuant to 21 U.S.C. § 846. Count Two is brought pursuant to 21 U.S.C. § 963. Count Three is brought pursuant to 18 U.S.C. § 371. The overt acts alleged in Counts One and Two are the same, whereas the overt acts alleged in Count Three are travels which are not alleged in the first two counts. In fact, Counts One and Two could be proved without any travelling being involved. Count Three charges knowingly travelling in interstate commerce (§ 1952) to promote the violations alleged in Counts One and Two.

The same defendants are alleged to be members of the conspiracies in all three counts, and the dates and places where the conspiracies allegedly existed are the same and the controlled substance is marijuana in all three counts. Thus the government has charged the defendants with three separate offenses all arising out of the same series of events. Apparently the government is attempting to divide one continuing conspiracy into violations of three different statutes, in order to obtain multiple convictions and possibly heavier penalties.

We see nothing particularly wrong with this, since the objectives of each conspiracy and the statutes allegedly violated are different. The indictment could have been pleaded in one count, but we see no reason why it cannot be divided into three counts, so long as the objectives are distinguishable. If the forbidden acts did not all involve drugs, but involved successive mail frauds or transportation of stolen goods,

for example, they would stand. *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

On the other hand, the magistrates point out that the sentences should not be cumulative if the defendants are found guilty on more than two counts. The Fifth Circuit held in *United States v. Mori,* 444 F.2d 240 (1971), *cert. denied,* 404 U.S. 913, 92 S.Ct. 238, 30 L.Ed.2d 187 (1971) that consecutive sentences could not be imposed for importing marijuana in violation of 21 U.S.C. § 174 and for travelling in foreign commerce to promote that importation in violation of 18 U.S.C. § 371, although that decision antedated *Albernaz, supra.* A somewhat similar result was reached in *Ward v. United States,* 694 F.2d 654 (11th Cir.1983) where the court held that a § 371 conspiracy to violate 18 U.S.C. § 659 was "subsumed" in a § 371 conspiracy to violate 18 U.S.C. § 2313. These cases involved sentencing, not dismissal of counts or vacating convictions. Furthermore, the *Ward* decision was based upon the allegation of a lesser included offense in the second count.

On the other hand, the Second Circuit held in *United States v. Thomas,* 757 F.2d 1359 (1985) that cumulative sentences could be imposed for a conspiracy to violate narcotics laws (21 U.S.C. § 1846) and a conspiracy to violate R.I.C.O. (18 U.S.C. § 1962(d)). This was based upon the court's belief that additional matters were required to prove a violation of R.I.C.O. and that the case therefore fell within the holding of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Judge Newman dissented in *Thomas* on the ground that Congress did not intend that cumulative penalties could be imposed when a Section 846 narcotics conspiracy is a lesser-included offense within a R.I.C.O. narcotics conspiracy. 757 F.2d at 1376.

■ The magistrates base their recommendations that Count Three should be dismissed on the grounds that it is duplicitous, perhaps fearful of double jeopardy. We do not agree because each count does allege a different objective of the conspiracy and requires different facts for a con-

viction. It is our opinion that cumulative sentences perhaps should not be imposed upon the three counts if the evidence shows that they were all parts of one continuing conspiracy. If, on the other hand, it should develop that there were two or more conspiracies or objects of the conspiracies, then the sentences could be cumulative.

Magistrate Lefkow issued a second report dated May 10, 1985 with respect to defendant Jeffrey Berry. He had made a motion to transfer this case to Florida, which the magistrate recommended denying. We agree with this recommendation and overrule Berry's objection, since the conspiracies are alleged to have existed in this jurisdiction and all of the other defendants will be tried here.

No other objections were filed with respect to the reports of either magistrate. They appear to us to be in accordance with the law, and therefore the magistrates' recommendations on the remaining pretrial matters are adopted. This case has been set for trial by jury on Tuesday, July 30, 1985 at 10:00 o'clock a.m.